Filed 5/25/16  P. v. Holt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050663 |
| v. | (Super. Ct. No. 97NF2363) |
| DANA ANTONIO HOLT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Dana Antonio Holt appeals from the trial court's postjudgment order denying his petition for recall of sentencing (Pen. Code, § 1170.126). Holt argues the court erred by denying his petition because his conviction for conspiracy to commit robbery was not a serious or violent offense when he committed it. After briefing in this case was complete, the California Supreme Court filed its opinion in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), and we invited the parties to submit supplemental briefs on its applicability. In its supplemental brief, the Attorney General argues *Johnson* requires we affirm. Holt, however, argues *Johnson* does not dispose of his claim because cases are not authority for propositions not considered. As we explain below, we agree with the Attorney General. We affirm the postjudgment order.

## FACTS

In 1998, a jury convicted Holt of conspiracy to commit robbery (Pen. Code, §§ 182.1, 211, all further statutory references are to the Pen. Code). At a bifurcated bench trial, the trial court found Holt suffered two prior serious felony convictions for robbery. This was his third strike conviction (§§ 667, subds. (d) & (e)(2), 1170.12, subds. (b) & (c)(2)). The court sentenced Holt to 25 years to life in prison.

In March 2013, Holt filed a petition for recall of sentencing pursuant to section 1170.126. The trial court denied that petition. In our prior nonpublished opinion *People v. Holt* (May 9, 2014, G048465) [nonpub. opn.], we affirmed based on procedural grounds—Holt filed his petition in propria persona while he was represented by counsel. In July 2016, Holt's counsel filed a petition for recall of sentencing pursuant to section 1170.125. The trial court denied Holt's petition, ruling the commitment offense, conspiracy to commit robbery, was a serious felony.

## DISCUSSION

The Three Strikes Reform Act of 2012 (the Act), amended sections 667 and 1170.12 and added section 1170.126. As relevant here, section 1170.126 allows

defendants serving a life term for a third strike to petition for resentencing if eligible and not dangerous.  (See § 1170.126, subds. (b)-(g).)

Section 1170.126, subdivision (b), provides as follows:  "Any person serving an indeterminate term of life imprisonment imposed pursuant to [the "Three Strikes" law] upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7*, may file a petition for a recall of sentence . . . or  . . . to request resentencing in accordance with the provisions of subdivision (e) of [s]ection 667, and subdivision (c) of [s]ection 1170.12, as those statutes have been amended by the act that added this section."  (Italics added.)

When the jury convicted Holt of conspiracy to commit robbery in 1998, the offense was not listed as a serious or violent felony.  Conspiracy to commit robbery became a serious felony in March 2000, when Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, added conspiracy to section 1192.7's list of serious felonies.  (§ 1192.7, subd. (c)(19) & (42).)  Thus, since 2000, section 1192.7, subdivision (c)(19), makes a robbery a serious felony, and subparagraph (42), makes "any conspiracy to commit an offense described in this subdivision[]" a serious felony.

In *Johnson, supra*, 61 Cal.4th at page 683, our Supreme Court held the classification of the current offense as a serious or violent felony is determined as of the date the Act became effective, relying on "section 1170.126's use of the present verb tense in describing the character of the current offense, the parallel structure of the [Act's] sentencing and resentencing provisions, and the ballot arguments in support of Proposition 36."  Because conspiracy to commit robbery was classified as a serious felony on the Act's effective date, Holt was ineligible for recall of his sentence under section 1170.126, and the trial court did not err by denying his petition.

Citing to the maxim that cases are not authority for propositions not considered (*People v. Avila* (2006) 38 Cal.4th 491, 566), Holt contends *Johnson* is not

3

controlling because the "court did not consider the relevant language of section 1170.126, subdivision (b)," citing to section 667, subdivision (e), and section 1170.12, subdivision (c). Acknowledging the *Johnson* court did consider other language in section 1170.126, subdivision (b), and found it ambiguous, Holt claims the language he cites to "is not ambiguous" and adds there was no need for the *Johnson* court to consider the Act's parallel structure or ballot materials.

The *Johnson* court discussed in great detail the Act and section 1170.126. In essence, Holt asks this court to conclude the *Johnson* court failed to identify the relevant portions of section 1170.126 and performed flawed statutory analysis. We disagree, and in any event, because we are bound by *Johnson* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), we decline Holt's invitation.

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.

4